UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL, | No. 2:20-cv-0816 AC P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY, | |
| Defendant. | |

Plaintiff, a civil detainee proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 4. Accordingly, the request to proceed in forma pauperis will be granted.

II. Statutory Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

////

1    A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
4    theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639,
5    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as
6    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a
7    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
8    Franklin, 745 F.2d at 1227-28 (citations omitted).

9    "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
10   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
11   what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550
12   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
13   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
14   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman,
15   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure
16   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
17   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
18   speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain
19   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
20   cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur
21   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

22   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
23   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
24   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
25   content that allows the court to draw the reasonable inference that the defendant is liable for the
26   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this
27   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.
28   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

Plaintiff alleges that his constitutional rights were violated by defendant Sacramento County when he was subject to abuse by correctional officers at California State Prison, Sacramento. ECF No. 1.

### IV. Failure to State a Claim

"[M]unicipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

Plaintiff does not make any allegations against Sacramento County beyond claiming that it is responsible for the actions of the correctional officers. ECF No. 1 at 2, 4-5. However, it is unclear how Sacramento County would have any liability based on the actions of prison employees, since the California Department of Corrections is a state entity. Accordingly, the complaint fails to state a claim and plaintiff will be given leave to amend.

### V. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official

////

participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.   Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the filing fee.

You are being given leave to amend because the facts you have alleged in the complaint are not enough to state a claim for relief. You have only named Sacramento County as a defendant, but your claims are based on the conduct of state employees. To state a claim, you need to identify the individual people you want to name as defendants and explain what each person did or did not do to violate your rights.

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims or and information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

      3.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      4.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: April 29, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE