UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY,<br><br>    Defendant. | No. 2:20-cv-0816 KJM AC P<br><br><br>ORDER |

Plaintiff, a civilly committed individual proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By order filed April 30, 2020, the undersigned screened the original complaint, found it did not state a claim for relief, and gave plaintiff an opportunity to file an amended complaint. ECF No. 5. Plaintiff has now filed a first amended complaint. ECF No. 8.

I.    <u>Statutory Screening</u>

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550

1

1  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

3  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

4  sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555

5  (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of

6  facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in

7  original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §

8  1216 (3d ed. 2004)).

9      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

10  relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

11  Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

12  content that allows the court to draw the reasonable inference that the defendant is liable for the

13  misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

14  standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

15  Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

16  pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

17  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

18      II.     Complaint

19      The first amended complaint alleges that defendant Sacramento County violated

20  plaintiff's First Amendment right to petition the court when it failed to properly train and

21  supervise Sacramento County Superior Court Judge Michael Savage, who is alleged to have

22  denied plaintiff a hearing on his petition for restoration of sanity. ECF No. 8 at 3. Plaintiff

23  acknowledges that Judge Savage is personally entitled to immunity for his decisions, but asserts

24  that Sacramento County should be held responsible for the denial because it is the policymaker

25  and failed to properly train and supervise the judge. Id.

26      III.    Failure to State a Claim

27      "[M]unicipalities and other local government units . . . [are] among those persons to

28  whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a

municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" City of Canton v. Harris, 489 U.S. 378, 389 (1989) (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

Plaintiff alleges that Sacramento County is liable based on the actions of a superior court judge. However, California superior courts are state agencies and their judges state agents or employees. Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997) (citation omitted). Sacramento County is therefore not responsible for the supervision or training of superior court judges. See Franceschi v. Schwartz, 57 F.3d 828, (9th Cir. 1995) (county not responsible for training or supervision of municipal court judges because courts and judges are controlled by the state).[1] Because the county is not responsible for the superior court judge's actions and, as plaintiff has acknowledged, Judge Savage is entitled to immunity,[2] the complaint fails to state a claim for relief and should be dismissed without leave to amend.

IV.     No Leave to Amend

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a claim

---

[1] The State of California is not a proper defendant either. See Quern v. Jordan, 440 U.S. 332 (1979) (§ 1983 does not abrogate the states' Eleventh Amendment immunity); Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (states are not "persons" who can be sued for damages under § 1983).

[2] Judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983, Pierson v. Ray, 386 U.S. 547, 553-55 (1967), and Judge Savage's decision to deny plaintiff a hearing falls squarely within the scope of judicial duties.

1 cannot be cured by amendment, the Court may dismiss without leave to amend. <u>Cato</u>, 70 F.3d at
2 1105-06.
3       The undersigned finds that, as set forth above, the complaint fails to state a claim upon
4 which relief may be granted and that due to the nature of the claims, amendment would be futile.
5 The complaint should therefore be dismissed without leave to amend.
6      V.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>
7       It is being recommended that your complaint be dismissed without leave to amend
8 because the county is not responsible for the judge's actions and the judge has immunity.
9       Accordingly, IT IS HEREBY RECOMMENDED that the first amended complaint be
10 dismissed without leave to amend for failure to state a claim.
11       These findings and recommendations are submitted to the United States District Judge
12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
13 after being served with these findings and recommendations, plaintiff may file written objections
14 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
15 and Recommendations."  Plaintiff is advised that failure to file objections within the specified
16 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
17 (9th Cir. 1991).
18 DATED: June 19, 2020
19
20 ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

4